# McCARRON et al. v. O'CONNELL et al.

Possession in the plaintiff is sufficient to enable him to maintain trespass; and although a higher title may be attempted to be set up, the failure to sustain it will not operate against the right to recover damages.

A bill of sale, not under seal, is insufficient to convey a mining claim.

Where several defendants are declared against jointly, but no joint trespass is proved, the plaintiff can introduce evidence of a several trespass against one of the defendants, and recover against such defendant.

Aliter, if a joint trespass has been proved.

APPEAL from the District Court of the Ninth Judicial District, County of Shasta.

This was an action of trespass, against a number of defendants, for breaking plaintiffs' dam, and destroying plaintiffs' ditch and flume.

The defendants file several answers. That of O'Connell merely denies the trespass. The answer of some of the defendants denies that plaintiffs were the owners of the property.

It was proved on the trial, by one of the former owners of the ditch property, that it was sold by them to plaintiffs, by a bill of sale not under seal, and that plaintiffs were put in possession at the same time, and were in possession when the acts complained of were committed.

The complaint alleges a joint trespass of all the defendants, no proof of which was introduced. A separate trespass of the defendant O'Connell, only, was proved, and judgment was rendered against him, from which he appealed.

Z. Montgomery for Appellant.

1. The Court erred in allowing parol evidence to go to the jury, to show the transfer of an interest in the water-races in question.

2. The Court erred in allowing bills of sale not under seal, and not acknowledged nor recorded, to be introduced in evidence, for the purpose of showing a transfer of said water-races. See Compiled Laws, p. 513, § 3, and p. 517, § 24.

A right to the use of water is a right running with the land, and has none of the characteristics of a mere personalty. See Hill v. Newman, decided by the Supreme Court of California, at Oct. T. 1855.

A water-right can only be assigned by deed, devise, or record. See Angell on Water-Courses, top paging, 180, marginal paging, 168.

A man cannot claim right to a water-course, but by deed under seal. See Angell on Water-Courses, top paging, 181; also, Rex v. Bath, 4 East., 609; 2 Williams' Rep., 127.

3. "In trespass against several, the plaintiff having proved a joint trespass by all, will not be permitted to waive that and give evidence of another trespass against one only." Nor will he be permitted, where the declaration contains but one count, after proving one trespass, to waive that and prove another. See 2 Greenleaf's Evidence, top paging, 581, side paging, 624.

*Sprague & McMurtry* for Respondents.

HEYDENFELDT, J., delivered the opinion of the Court, MURRAY, C. J. concurring.

Possession in the plaintiff is sufficient to enable him to recover against a trespasser, and although a higher title may be attempted to be set up, the failure to sustain it will not operate against the right to recover damages. So in this case, the bills of sale, not under seal, although insufficient to convey the right intended, do not weaken the claim of the plaintiffs under their possession. Besides this, the only issue made by the appellants was as to the fact of the trespass, and thus all of the errors assigned, which affect the questions of law, are disposed of.

The remaining one relies upon the insufficiency of the evidence to sustain the verdict. It seems that although several defendants are declared against jointly, no joint trespass was proved, but only a trespass by one. Now it is true, that if a joint trespass had been proved, the plaintiffs could not have been allowed to waive that, and give evidence of another trespass against one only. But such is not the case here; a trespass is found against one only, and the plaintiffs are entitled to recover.

Judgment affirmed.